## Case No. 16,853.

### VAN HOOK v. SCUDDER et al.

[N. Y. Herald, June 21, 1843.]

Circuit Court, S. D. New York.   June 2, 1843.

PATENTS—PLANING, TONGUEING, AND GROOVING MACHINE.

[The Woodworth patent of December 27, 1828, as extended on December 27, 1842, held valid and infringed.]

[Cited in Washburn v. Gould, Case No. 17,-214; Brooks v. Bicknell, Id. 1,944; Brooks v. Jenkins, Id. 1,953; Wilson v. Rousseau, Id. 17,832.]

This was a case arising upon a bill of complaint praying for an injunction to be issued in behalf of the plaintiff (the proprietor of a planing mill in this city, and an assignee under Woodworth's patent for a planing machine) against the defendants, who also have been engaged in dressing boards, plank, etc., by cylindrical planing machines, at an establishment in —— street. The case came up for argument at the recent April term of the United States court, but inasmuch as the term was nearly elapsed, and the engagements of Chief Justice THOMPSON prevented him from hearing this cause in the city of New York, it was, by consent of counsel, set down

for argument before Justice THOMPSON at chambers, in Poughkeepsie. The case was accordingly submitted on the 2d inst. The plaintiff alleged that he was the owner, by purchase from the patentee, of the exclusive right to construct and use, in the city and county of New York, Woodworth's machine for planing, tongueing, and grooving boards and plank. The defendants were charged with infringing upon the plaintiff's right by using machines built upon the same principle, and having the same mode of operation, as the Woodworth machine. The patent of Woodworth having been proved, and also the extension thereof, evidence was produced on the part of the plaintiff, from a number of machinists, engineers, and mechanics, 1st, that the machines in use at his mill were built according to the specifications contained in the patent granted to Wm. Woodworth Dec. 27th, 1828, and extended on the 27th Dec., 1842; 2d, that the machines employed by the defendants were similar to Woodworth's in all their essential parts, having the same combination, operating in the same manner to produce a like result.

It was maintained on the part of the defendant: 1st. That the patent granted to William Woodworth, under which the complainant claims, was originally invalid, because (1) all the several parts of Woodworth's machine, and the application of those parts, were known in 1799, and were sufficiently described by Samuel Bentham in the Repertory of Arts; because (2) Mr. Emmons invented and put in operation at Syracuse, in the state of New York, a cylindrical planing machine, embracing all the essential combinations and parts of Woodworth's machine, in the year of 1824, 4 years before the date of Woodworth's patent; (3) Woodworth's machine was useless; (4) Woodworth's specification is insufficient and unintelligible, if not contradictory. 2d. If Woodworth's patent was originally valid, the extension was unauthorized by law and void. 3d. The defendants' machinery was not, in principle, combination, or mode of operation, like Woodworth's. 4th. The court will not grant an injunction in a doubtful case, but will leave the parties to try the rights at law.

S. P. Staples, for complainant.
M. G. Harrington, for defendants.

THOMPSON, Circuit Justice. A motion having been made on the part of the complainants for an injunction in this cause, on due notice to the defendants, on reading the bill of complaint and on reading and filing affidavits and papers on the part of the complainants and also on the part of the defendants, and on hearing S. P. Staples, for complainant, and M. G. Harrington, for defendants, it is ordered that the defendants, on the first Monday of each month, commencing on the first Monday of July next, file in the office of the clerk of this court an account or state-

ment in writing of all the work done, or caused to be done, by the said defendants, or either of them, during the previous month, with or upon the planing machines used by said defendants, and for a violation of the patent whereof said bill is filed,—that is to say, of the number of boards, plank, or other material planed or tongued or grooved by said defendants, or either of them,—and that said account or statement be signed and sworn to by the said defendants, or one of them, as a correct and true statement of all the work so done by them. And it is further ordered that the said defendants, on or before the thirteenth day of June inst., execute to the complainant a bond in the penal sum of five thousand dollars, with a condition providing that, if the said defendants shall pay to the complainant such sum of money as may be ordered to be paid to the complainant by the defendants, or either of them, in this suit, and such damages and costs as the complainant in any trial brought or to be brought by the order or direction of the said court for such work, or violation, may recover against the defendants, or either of them, then said obligation shall be void, otherwise to be in full force, which bond is to be executed by the defendants and two sureties residing in said district, and to be affirmed, as to the sufficiency of the sureties, by the district judge, and to be filed with the clerk of this court. And it is further ordered that if such bond shall not be filed on or before the thirteenth day of June instant, or if said account or statement in writing shall not be so filed, then an injunction shall issue, under the seal of this court, directed to the defendants, restraining them pursuant to the prayer of said bill of complaint.

The bond not having been filed by the defendants pursuant to the order of the court, the injunction was accordingly issued on the 14th inst. The following is copied from the records:

"[Injunction.] The president of the United States of America to Ephraim Scudder and John H. Dayton, and to their, and each of their, Counsellors, Attorneys, Solicitors, Servants, Workmen, and Agents, and each and every one of them, Greeting: Whereas, it has been represented to the circuit court of the United States for the Southern district of New York, in equity, on the part of William Van Hook, complainant, that he has lately exhibited his bill of complaint in the said court against you, the said Ephraim Scudder and John H. Dayton, to be relieved touching the matter therein complained of; and whereas, by an order duly made and entered in said cause, an injunction has been ordered to issue against you, the said Ephraim Scudder and John H. Dayton, and the persons before mentioned, and each and every of you, pursuant to the prayer of the said bill of complaint. In consideration thereof, and the particular matter in the said bill set

forth, you, the said Ephraim Scudder and John H. Dayton, your counsellors, attorneys, solicitors, servants, workmen, and agents, and each and every of you, are commanded, under the penalty of ten thousand dollars, to be levied upon your lands, goods, and chattels, that you do absolutely desist and refrain from any further use of the improvement, machinery, and machines in the bill of complaint mentioned, until the further order of the said court. Witness: Roger B. Taney, Chief Justice of the Supreme Court of the United States, at the city of New York, the 14th day of June."